**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ELMER PEREZ-RICARDO,
A# 024-455-153,**

    **Petitioner,**

**vs.**                                                  **Case No. 4:17cv410-MW/CAS**

**JEFF SESSIONS, et al.,**

    **Respondents.**

                                        /

## REPORT AND RECOMMENDATION

Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on September 8, 2017. ECF No. 1. The petition alleged that Petitioner is a native and citizen of Cuba who "arrived in the United States in 1980 as part of the Mariel boatlift." ECF No. 1 at 3, 4. Petitioner was issued a final order of removal on July 1, 1993. He was taken into ICE custody in February 2017, but claimed that ICE would be unable to remove him to Cuba. *Id.* at 5. Petitioner alleged "that Cuba will deny any and all requests for travel documents, as there are currently no formal diplomatic relations between Cuba and the United States, nor is

there any formal or informal agreement between the two countries regarding repatriation." *Id.*  Claiming it was not significantly likely that he would be removed from the United States in the reasonably foreseeable future, Petitioner sought release from detention pursuant to <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001).  *Id.* at 5-9.

Finding the petition sufficient, service was directed and Respondents required to file an answer showing good cause why the § 2241 petition should not be granted.  ECF No. 8.  On December 29, 2017, Respondents filed a motion to dismiss the petition as moot because Petitioner had been released under an order of supervision.  ECF No. 12.  Attached to the motion is an exhibit revealing that Petitioner was released from detention on December 5, 2017.  ECF No. 12-1.  Therefore, because Petitioner has been afforded the relief sought, release from detention, this § 2241 petition should now be dismissed as moot.

Additionally, the motion to dismiss contains a certificate of service which indicates the document was provided to Petitioner at "his address of release, 2536 SW 17th Street, Miami, Florida 33145."  ECF No. 12 at 4; *see also* ECF No. 12-1 at 3.  The Clerk of Court shall forward this Report and Recommendation to Petitioner at that address.  If Petitioner disputes

that this case is moot, he must immediately file "objections" and a notice of change of address.

## ORDER

It is **ORDERED** that the Clerk of Court shall forward this Report and Recommendation to Petitioner at 2536 SW 17th Street, Miami, Florida 33145, and his address of record at the Wakulla County Jail.

## REPORT AND RECOMMENDATION

In light of Respondents' showing that Petitioner has been released, it is respectfully **RECOMMENDED** that the § 2241 petition be **DISMISSED as moot** since Petitioner has been granted the relief sought in the petition.

**IN CHAMBERS** at Tallahassee, Florida, on January 4, 2018.

 S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic</u>**

**docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.